H. MICHAEL BRUCKER LAW CORPORATION
H. MICHAEL BRUCKER (#36297)
5855 Doyle Street, Suite 110
Emeryville, CA  94608
Telephone:  (510) 654-6200
Facsimile:  (510) 654-6166
E-Mail:  michael@hmblawoffice.com

STEVEN M. KIPPERMAN LAW CORPORATION
STEVEN M. KIPPERMAN (#40895)
220 Montgomery St., Ste. 1077
San Francisco, CA  94104
Telephone:  (415) 397-8600
Facsimile:  (415) 397-0792
E-Mail:  kipperman@aol.com

Counsel for Plaintiff Folkmanis, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOLKMANIS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UPTOWN TOYS LLC, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT** <br><br> **[Copyright]** <br><br> REQUEST FOR JURY TRIAL |

Plaintiff Folkmanis, Inc. ("Plaintiff" or "Folkmanis") complains and alleges against Defendant Uptown Toys LLC ("Defendant" or "Uptown"):

1. For more than 40 years, Folkmanis has designed, manufactured, distributed and sold original design soft sculpture puppets of the highest quality. Every Folkmanis puppet is an original, artistic, innovated, copyrighted work that is brought to life by highly skilled artists using only the highest quality materials. By maintaining these high standards for each of the thousands of Folkmanis puppets that have enchanted children and adults alike over the past four decades, Folkmanis puppets have earned a worldwide reputation for excellence.

Complaint                                                        1

2. Three such high-quality copyrighted Folkmanis puppets are: (1) an owl ("Owl Puppet"); (2) a puppet evoking a zebra ("Zebra Stage Puppet"); and, (3) a puppet evoking a frog ("Frog Puppet"), referred to collectively as "The Folkmanis Puppets".

3. Plaintiff has made substantial sales of The Folkmanis Puppets, which have delighted children and adults alike in this judicial district and throughout the world.

4. On December 19, 2009, the United States Copyright Office duly and lawfully issued to Plaintiff: (a) Copyright Registration No. VA 465-921, registered 08/13/1991 for its copyrighted Owl Puppet; and (b) Copyright Registration No. VA 1-696-288, entitled "Stage Zebra", registered December 1, 2009, for its copyrighted Zebra Puppet. An application was filed on December 19, 2017 with the United States Copyright Office to register Plaintiff's "Frog Puppet" copyright which application is currently pending. On December 19, 2017, a confirmation of receipt of the aforementioned application was issued by The Copyright Office and received by Plaintiff.

5. The Folkmanis copyrights are valid, subsisting and in full force and effect.

6. Plaintiff has not licensed or otherwise granted permission to Defendant to use, reproduce, display, distribute and/or create derivative works of the copyrighted designs of The Folkmanis Puppets.

7. Long after Plaintiff introduced The Folkmanis Puppets, the Defendant, who has no affiliation with Plaintiff, produced, imported, distributed, marketed, display, made derivative works, promoted, sold and/or offered for sale three soft sculpture puppets: (1) an owl puppet; (2) a zebra puppet; and, (3) and a frog puppet ("The Infringing Puppets"), each with features virtually indistinguishable from the original features of the corresponding Folkmanis Puppets and which original features are not dictated by nature and which original features are the subject of the copyright registrations and application listed above.

8. The Infringing Puppets violate Plaintiff's exclusive copyrights in The Folkmanis Puppets. Accordingly, Folkmanis brings this action for copyright infringement in violation of 17 U.S.C. § 101, *et seq*.

9. In this Complaint, Folkmanis seeks injunctive relief, damages, and attorney fees arising from Defendant's deliberate infringement of Plaintiff's rights.

10. Defendant's conduct has irreparably harmed Folkmanis and, unless enjoined, will continue to injure both Folkmanis and the public.

**JURISDICTION AND VENUE**

11.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the copyright laws of the United States.

12.   This Court has personal jurisdiction over Defendant because Defendant sold, offered for sale, distributed and/or shipped Infringing Puppets to retailers and consumers throughout the United States and in this judicial district or caused others to do so.

13.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

**THE PARTIES**

14.   For more than four decades, Plaintiff has been a famous, industry-leading producer, designer and marketer of soft sculpture puppets.  Folkmanis's products are displayed, promoted, sold and offered for sale throughout the United States, including in this judicial district, and around the world.

15.   Folkmanis's place of business is located at 1219 Park Avenue, Emeryville, CA 94608.  Plaintiff is a California corporation in good standing.

16.   On information and belief, Defendant is a limited liability company organized under the laws of the State of Utah, with a principal place of business at 18 South Main Street, Kaysville, UT 84037.

17.   Defendant maintains an interactive website at the domain name uptowntoys.com, which is accessible in this judicial district and throughout the world, and through which Defendant has displayed, promoted, marketed, advertised and sold The Infringing Puppets direct to consumers.

18.   Defendant has fulfilled orders for The Infringing Puppets sold through third-party retailers including, without limitation, Amazon.com.

19.   On information and belief, Defendant has promoted, advertised, marketed, sold, offered for sale and/or shipped one or more of The Infringing Puppets to consumers in this judicial district.

**FACTUAL BACKGROUND**

20.   Introduced more than 27 years ago, The Owl Puppet has become one of Folkmanis's best-selling products.  Introduced more than 20 years ago, The Zebra Puppet has been one of Folkmanis's best-selling puppets.  Introduced more than 4 years ago, The Frog Puppet has been one of Folkmanis's best-selling puppets.

21. On information and belief, long after Plaintiff's introduction of The Folkmanis Puppets to consumers in 1991 (Owl Puppet), 2009 (Zebra Puppet) and 2014 (Frog Puppet), Defendant began to reproduce, copy, display, distribute, sell and offer for sale, and make or have made derivative works of The Infringing Puppets.

22. Even a cursory review of The Infringing Puppets reveals that they include features that are virtually identical to the original protectable features found in Plaintiff's copyright-protected Folkmanis Puppets and which features are not dictated by nature.

23. The Infringing Puppets' individual features and overall configuration render them substantially similar to Plaintiff's The Folkmanis Puppets.

24. On information and belief, Defendant had knowledge of and access to The Folkmanis Puppets prior to copying or having copied, manufacturing, sourcing and/or importing the infringing products and Defendant's infringements were intentional.

25. On information and belief, Defendant, having The Folkmanis Puppets in hand, knowingly and willfully produced The Infringing Puppets (or directed others to produce The Infringing Puppets) so as to include features substantially similar to the protectable original features of The Folkmanis Puppets, and/or sourced, imported and/or otherwise acquired such Infringing Puppets.

26. Accordingly, Defendant's development, reproduction, importation, distribution, advertising, marketing, sale and offering for sale of The Infringing Puppets and unauthorized derivative works constitutes willful infringement of Plaintiff's valuable, exclusive copyrights.

27. Defendant promoted, advertised, marketed, sold, offered for sale and shipped one or more The Infringing Puppets to consumers in this judicial district long after one or more of The Folkmanis Puppets copyright registrations were issued.

28. On January 5, 2018, Plaintiff's counsel sent a letter via Federal Express to the office of Defendant's President notifying Defendant of Plaintiff's valuable and exclusive rights in The Folkmanis Puppets and alerting Defendant that its copying, sale, distribution and promotion of The Infringing Puppets constitute copyright infringement. Plaintiff's letter further requested that Defendant confirm that it would agree to cease promoting, displaying, distributing, offering for sale and selling the infringing products within ten (10) days of the letter. ("Cease and Desist Letter".)

29. Not receiving a response to the cease and desist letter sent to Defendant on January 5, 2018, on January 24, 2018, Plaintiff's counsel sent an email to Defendant's CEO, Mr. A. Ahmed at areesh2324@gmail.com to which was attached a copy of the January 5, 2018, Cease and Desist letter.

30. On information and belief, without Plaintiff's permission, but with actual and constructive knowledge of Plaintiff's rights in The Folkmanis Puppets, Defendant improperly and unlawfully continues to copy, reproduce, create derivative works of, adapt, display, market, sell and/or distribute The Infringing Puppets in violation of Plaintiff's rights.

31. (a) Defendant sold The Infringing Puppets via its website accessible at *uptowntoys.com*. On further information and belief, Defendant fulfilled orders for The Infringing Puppets sold via its own website and one or more platforms operated by third-party retailers, including without limitation, Amazon.com, both before and after receiving the Cease and Desist letter from Plaintiff.

(b) Plaintiff has not received a response to the original letter or the email with the attached letter.

(c) Defendant promoted, advertised, marketed, sold, offered for sale and shipped The Infringing Puppets to consumers in this judicial district long after one or more of The Folkmanis Puppets copyright registrations were issued and after receiving the Cease and Desist letter sent January 5, 2018. Accordingly, Defendant's conduct was and is willful.

32. Accordingly, Defendant infringed Plaintiff's copyrights with knowledge of and/or reckless disregard for Plaintiff's rights, as Defendant knew or should have known that its action constituted infringement of Plaintiff's rights.

33. Moreover, Defendant's refusal to respond to Plaintiff's Cease and Desist letter and subsequent email, at a minimum, strongly suggests that Defendant intends to continue copying, reproducing, creating additional derivative works of, adapting, displaying, marketing, selling and/or distributing The Infringing Puppets in willful violation of Plaintiff's exclusive rights.

34. As a direct and proximate result of such infringement, Defendant has derived and received gains, profits and advantages in an amount yet to be determined.

35. Consumers encountering both Plaintiff's The Folkmanis Puppets and The Infringing Puppets are likely to discern a substantial similarity between The Folkmanis Puppets and The Infringing Puppets.

36. Defendant's acts have caused and will continue to cause Plaintiff to suffer irreparable injury to its business. Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from infringing Folkmanis's valuable rights.

**First Claim for Relief**

**(Folkmanis Owl Puppet)**

**Copyright Infringement In Violation Of 17 U.S.C. §§ 106, 501**



**Uptown Owl    Folkmanis Owl**

37. Plaintiff repeats and alleges paragraphs 1 through 36 of its Complaint as if fully set forth herein.

38. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to Defendant's infringing acts.

39. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to elect to recover an award of statutory damages in an amount of up to $150,000 for The Owl Puppet as a result of Defendant's knowing, willful and intentional reproduction, distribution, display and sale of The Infringing Owl Puppet after the issuance of the copyright registrations.

40. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action, including reasonable attorney fees.

41. Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

42. Unless enjoined by this Court, Defendant's infringement is likely to continue unabated, causing further irreparable injury to Plaintiff.

## Second Claim for Relief

### (Folkmanis Zebra Puppet)

### Copyright Infringement In Violation Of 17 U.S.C. §§ 106, 501



**Uptown**                                **Folkmanis**

43. Plaintiff repeats and alleges paragraphs 1 through 36 of its Complaint as if fully set forth herein.

44. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to Defendant's infringing acts.

45. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to elect to recover an award of statutory damages in an amount of up to $150,000 for The Zebra Puppet as a result of Defendant's knowing, willful and intentional reproduction, distribution, display and sale of The Infringing Zebra Puppet after the issuance of the copyright registrations.

46. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action, including reasonable attorney fees.

47. Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

48. Unless enjoined by this Court, Defendant's infringement is likely to continue unabated, causing further irreparable injury to Plaintiff.

### Third Claim for Relief
### (Folkmanis Frog Puppet)
### Copyright Infringement In Violation Of 17 U.S.C. §§ 106, 501



Uptown          Folkmanis

49. Plaintiff repeats and alleges paragraphs 1 through 36 of its Complaint as if fully set forth herein.

50. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to Defendant's infringing acts.

51. Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

52. Unless enjoined by this Court, Defendant's infringement is likely to continue unabated, causing further irreparable injury to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment:

1. That Defendant has infringed and willfully infringed Plaintiff's copyrights in violation of 17 U.S.C. §§ 106 and 501.

2. Enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries and all those acting in concert or participation therewith

preliminarily and permanently from designing, importing, distributing, promoting, displaying, offering for sale and selling the infringing products.

3. Requiring Defendant to account for all gains, profits and advantages derived and accrued as a result of its infringement of The Folkmanis Puppets copyrights;

4. Assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendant derived from infringing The Folkmanis Puppets copyrights;

5. Assessing to Plaintiff an award of statutory damages in the amount of $150,000 for each of Folkmanis's The Owl Puppet and The Zebra Puppet due to Defendant's willful infringement of the copyrights therein;

6. Awarding to Plaintiff its attorney fees, expenses and costs incurred in connection with this action as provided by 17 U.S.C. § 505; and

7. Assessing such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Folkmanis demands a trial by jury on all facts so triable.

Dated:  February 14, 2018

                                              H. Michael Brucker Law Corporation

                                              <u>/s/ H. Michael Brucker</u>
                                              H. Michael Brucker Law Corporation
                                              H. Michael Brucker
                                              Counsel for Plaintiff