UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOLKMANIS, INC.,<br>    Plaintiff,<br>v.<br>UPTOWN TOYS LLC,<br>    Defendant. | Case No. 18-cv-00955-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br>Docket No. 18 |

Plaintiff Folkmanis, Inc. initiated this copyright infringement action against Defendant Uptown Toys LLC in February 2018. After Uptown failed to respond to the complaint, Folkmanis sought and obtained an entry of default against Uptown. *See* Docket No. 14 (notice). Now pending before the Court is Folkmanis's motion for default judgment.

Having reviewed Folkmanis's motion and accompanying submissions, the Court hereby orders to provide supplemental briefing and/or evidence as follows.

1. Folkmanis shall provide physical copies of the puppets at issue – both its own puppets and the allegedly infringing puppets.

2. For each of its puppets, Folkmanis shall identify with specificity each protectable element that was allegedly copied. To the extent Folkmanis has referred to pattern pieces and "sewing and other techniques," Mot. at 8; *see also* Kollias Decl. ¶¶ 2(c)-(d), 9, Folkmanis must provide additional specificity. Examples would be especially helpful.

3. The value of the copyright is one factor that is considered when courts consider statutory damages for copyright infringement. *See Sanrio Co. v. J.I.K. Accessories*, No. C-09-0440 EMC, 2012 U.S. Dist. LEXIS 55280, at *17-18 (N.D. Cal. Apr. 19, 2012) (listing factors); *see also Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1102 (N.D. Cal. 2003) (stating that, "[i]n

determining the appropriate amount of statutory damages, the court should be guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement, and the like") (internal quotation marks omitted). While Folkmanis has provided some information regarding the value of the copyrights, *see* Kollias Decl. ¶ 4 (referring to revenue earned by Folkmanis from the sale of its puppets), that information is not sufficient. For each of its puppets, Folkmanis shall provide information regarding the number of puppets it has sold (1) during the alleged infringement period and (2) for two years before the alleged infringement period. Folkmanis shall also provide information regarding the profits (not revenues) it has earned for each of the puppets at issue (1) during the alleged infringement period and (2) for two years before the alleged infringement period.[1] This information may be filed under seal.

    4. Folkmanis asserts that it cost approximately $10,000 to develop each puppet at issue. *See* Kollias Decl. ¶ 4. Because the Kollias declaration is conclusory, Folkmanis shall provide additional information as to how it arrived at this figure.

    5. Folkmanis states: "From the little evidence that Plaintiff has been able to gather concerning Defendant's business, its profits from these infringements are not likely large." Mot. at 10; *see also* Brucker Decl. ¶ 12. Folkmanis shall provide what information it has about Uptown's alleged infringement.

    6. Folkmanis has referred to successful enforcement of its copyrights "against numerous infringers." Kollias Decl. ¶ 12. Folkmanis shall provide information as to whether any of these prior situations involved the puppets at issue here and, if so, how those situations were resolved.

    5. Folkmanis represents that it has incurred over $30,000 in attorney's fees. Folkmanis shall provide information about its lodestar – including the number of hours expended by its attorneys on this lawsuit. It would be helpful if the hours were categorized – *e.g.*, how many

---

[1] Based on the papers submitted, it appears that the alleged infringement began after November 15, 2016. *See* Brucker Decl. ¶ 8. It is not clear whether the alleged infringement is still ongoing. *See* Mot. at 8 (asserting that, after Uptown was served with the complaint, it "continued to sell at least two of The Infringing Puppets: the owl puppet and the zebra puppet, including in April 2018"); Kollias Decl. ¶ 11 (testifying that she purchased via Amazon the allegedly infringing zebra and owl puppets).

1 | hours were spent on investigation, on drafting the complaint, on settlement discussions, etc.[2]

2 |     6.    Folkmanis shall provide information as to whether Uptown is continuing its alleged infringement of the puppets at issue.

The supplemental briefing and/or evidence shall be filed within **one week** of the date of this order. Folkmanis shall immediately serve a copy of this order on Uptown and file a proof of service reflecting compliance.

**IT IS SO ORDERED**.

Dated: August 6, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[2] Folkmanis is advised that, as a general matter, it should not provide any specifics about settlement discussions to the Court. *See* Brucker Decl. ¶ 9 (testifying that "negotiations failed when Uptown refused to pay more than $5,000 toward Folkmanis' legal fees as a condition of settlement").