UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOLKMANIS, INC.,<br>        Plaintiff,<br>v.<br>UPTOWN TOYS LLC,<br>        Defendant. | Case No. 18-cv-00955-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Docket No. 29 |

Previously, the Court granted Plaintiff Folkmanis, Inc.'s motion for default judgment but did not award the full monetary relief requested. *Se* Docket No. 26 (order). Folkmanis now moves to alter or amend the final judgment. *See* Fed. R. Civ. P. 59(e). The Court finds this matter suitable for disposition without oral argument and thus **VACATES** the hearing on the motion. The motion for relief is hereby **DENIED**.

## I. <u>DISCUSSION</u>

A. <u>Legal Standard</u>

> [A]ltering or amending a judgment under Rule 59(e) is an "extraordinary remedy" usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law. . . . [A] Rule 59(e) motion may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

*Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016).

In the instant case, Folkmanis argues for amendment or alteration on the grounds that (1) the Court committed a manifest error of fact (on the issue of willfulness) and that (2) the Court committed a manifest error of law (regarding statutory damages).

B.  Manifest Error of Fact

Folkmanis argues that the Court erred in declining to find that Defendant Uptown Toys LLC's infringement was willful. According to Folkmanis, if the Court had accepted all allegations in the complaint as true (as required given the entry of default against Uptown), then it should have found willful infringement. There are two problems with this contention. First, only well-pled allegations are deemed true. *See Fair Hous. v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The allegation that Uptown had knowledge of the Folkmanis puppets is conclusory and therefore not well pled. Second, even if there were factual allegations to support Uptown's knowledge of the Folkmanis puppets, that does not mean that a court is barred from inquiring as to the truth of that allegation. Federal Rule of Civil Procedure 55(b) explicitly states that a "court may conduct hearings . . . when, to enter or effectuate judgment, it needs to [*e.g.*,] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b). Thus, it was proper for this Court to examine what evidence of willfulness there actually was. *See, e.g.*, Docket No. 26 (Order at 9) (finding insufficient "evidence of willful infringement to support a higher statutory damages award").

Folkmanis protests still that willfulness may be found based on Uptown's failure to defend. While Folkmanis has cited some cases in support, *see also Adobe Sys. v. Cain*, No. 5:08-cv-02435 RMW, 2008 U.S. Dist. LEXIS 97227, at *11 (N.D. Cal. Oct. 22, 2008) (stating that "[w]illfulness can also be inferred from a defendant's failure to defend"), those cases are not binding authority on this Court. The Court is also wary of adopting Folkmanis's position because, under that position, in any kind of infringement case, if there is a default by the defendant, then willfulness automatically follows. The Court also notes that, in a similar context, it was loath to make an inference of willfulness:

> Refusing to negotiate settlement does not raise an inference of willfulness; the Court fails to see a logical connection between the two. To the extent that an inference of willfulness could be drawn from the mere refusal to settle, it is weak evidence of willfulness. The same is true with respect to Mr. Adkins's failure to appear in the instant case. Moreover, there is evidence that suggests that Mr. Adkins's infringement was not willful. More specifically, it appears that, once IO Group sent its cease-and-desist letter to Mr. Adkins, he

2

removed the infringing material from his website.

*IO Grp., Inc. v. Adkins*, No. C-04-4819 PJH (EMC), 2005 U.S. Dist. LEXIS 48995, at *17 (N.D. Cal. May 12, 2005) (report and recommendation), *adopted in* 2005 U.S. Dist. LEXIS 46685 (N.D. Cal. June 23, 2005); *cf. Truong Giang Corp. v. Twinstar Tea Corp.*, No. C-06-3594 JSW (EMC), 2007 U.S. Dist. LEXIS 100237, at *45-46 n.5 (N.D. Cal. Mar. 22, 2007) (report and recommendation) (noting that, in a trademark infringement/Lanham Act case, attorney's fees may be awarded in an exceptional case but indicating that a defendant's disregard of the judicial process – absent other willful behavior by defendant – would not make the case exceptional), *adopted in* 2007 U.S. Dist. LEXIS 38642 (N.D. Cal. May 29, 2007).

Finally, Folkmanis asserts that willfulness may be found because it sent a cease-and-desist letter to Uptown in January 2018, and sued Uptown in February 2018; yet, as of April 2018, Folkmanis was still able to buy two infringing puppets (one zebra and one owl) from Amazon. *See* Docket No. 18-4 (Kollias Decl. ¶ 11 & Ex. 11) (Amazon receipt, showing the purchase of two puppets). The Court did not find this evidence particularly compelling because "the product may still have been available because Uptown was investigating Folkmanis's claims of copyright infringement." Docket No. 26 (Order at 9). Furthermore, there is nothing to indicate that Uptown was still selling the *frog* puppet – that fact, if anything, suggests that Uptown was being responsive to the charge of infringement. Even if the Court were to find willfulness based on the two sales, two discrete instances of willful infringement is not significant infringement that would support the amount of statutory damages sought by Folkmanis. There is nothing to indicate that, in April 2018, Uptown was making significant sales of the zebra and owl puppets or had a large inventory of such that it continued to offer to sell. *See* 17 U.S.C. § 504(c)(2) (providing that "the court in its discretion *may* increase the award of statutory damages to a sum of not more than $150,000").

Accordingly, the Court rejects Folkmanis's contention that the Court committed a manifest error of fact on the issue of willfulness.

C. <u>Manifest Error of Law</u>

Folkmanis argues that the Court also made a manifest error of law – *i.e.*, in stating that

3

> "[m]ost . . . copyright . . . cases are about a defendant's commercial gain and the victim plaintiff's resulting commercial loss. Those economic factors tend to drive statutory damages awards . . . ."
> *Wilens v. Automattic Inc.*, No. 3:14-cv-02419-LB, 2015 U.S. Dist. LEXIS 88781, at *60-61 (N.D. Cal. Apr. 28, 2015).

Docket No. 26 (Order at 10). According to Folkmanis, "[w]hile the court can certainly take into account any credible evidence of a defendant's commercial gain in arriving at an amount of statutory damages, such commercial gain by itself does not 'drive statutory damages awards'"; rather "'sanction[ing] and vindicat[ing] the statutory policy of discouraging infringement' drives the award of statutory damages." Mot. at 7.

However, awarding statutory damages based in part upon the defendant's commercial gain and the plaintiff's resulting commercial loss functions to discourage infringement. To the extent Folkmanis suggests there should a punitive aspect to a statutory damages as well, such punitive award applies only where there is willful infringement, an element absent here.

Folkmanis protests that, at the very least, it should be awarded $30,000 and not $20,000 because three puppets were infringed, and not just two. But Folkmanis ignores its concession in its motion for default judgment that it could not be awarded statutory damages for the frog puppet. *See* Docket No. 18 (Mot. at 5) ("Folkmanis is entitled to statutory damages for infringement of its owl and zebra puppets, but not for its frog puppet (which registration has an effective date after infringement commenced)."). The Court also notes that its award of $20,000 is not unreasonable given that, in its January 2018 cease-and-desist letter, Folkmanis itself proposed a settlement under which Uptown would make a one-time payment of $25,000. *See* Kollias Decl., Ex. 8 (Letter at 5).

Finally, to the extent Folkmanis suggests that the judgment here will not deter Uptown from future infringement, it has failed to make an adequate showing of such. Folkmanis is being awarded $20,000 in statutory damages, plus attorney's fees and costs in the amount of $23,700 – for a total of $43,700. That Uptown may not have had to pay its own attorney's fees because it did not formally defend the lawsuit, or that the cost to Folkmanis of enforcing the judgment may not be proven to have been worthwhile, does not render the award unreasonable.

For the foregoing reasons, the Court rejects Folkmanis's argument that the Court committed a manifest error of law.

## II. <u>CONCLUSION</u>

The motion to alter or amend the final judgment is denied.

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: December 5, 2018

_____
EDWARD M. CHEN
United States District Judge